| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: Arapahoe County Justice Center<br>　　　　　　　7325 South Potomac Street<br>　　　　　　　Centennial, CO 80112<br>　　　　　　　(303) 649-6355 | DATE FILED: February 1, 2017 10:59 AM<br>FILING ID: DB65C431EC6E9<br>CASE NUMBER: 2017CV30265 |
| Plaintiff:　　John Gray<br><br>v.<br><br>Defendant:　Allstate Insurance Company. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Laura M. Browne, Atty. Reg. #46673<br>DezaRae D. LaCrue, Atty. Reg. #40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone Number: (303) 757-3300<br>Fax Number:　(303) 759-5203<br>E-Mail:　　　brownel@fdazar.com<br>　　　　　　　lacrued@fdazar.com | Case Number:<br><br><br>Division/Ctrm: |
| **COMPLAINT** ||

　　　COMES NOW Plaintiff John Gray, by and through his attorneys, DezaRae D. LaCrue and Laura M. Browne of Franklin D. Azar and Associates, P.C., for his Complaint against the Defendant, states and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual and resident of the State of Colorado.

2. Defendant Allstate Insurance Company is a corporation doing business in the State of Colorado.

3. Venue is proper in this action pursuant to C.R.C.P. 98(c).

4. On or about May 18, 2013, Plaintiff's vehicle was struck by Kirsten M. Bitner.

5. Kirsten Bitner, an underinsured motorist, was driving on Arapahoe Road and rear-ended Plaintiff while Plaintiff was stopped at a red light.

6. Plaintiff was not negligent on the occasion in question.

7. No third party caused, or contributed to the cause, of the collision and Plaintiff's injuries, damages, and losses.

8. On October 26, 2015, Plaintiff sent Defendant documentation showing $34,947.35 in incurred medical expenses. On November 6, 2015, Defendant Allstate made an offer of $15,000.00 to settle Plaintiff's underinsured motorist claim.

9. On February 4, 2016, Plaintiff sent Defendant additional medical records and bills. Defendant Allstate increased its offer to $22,000.00 to settle Plaintiff's underinsured motorist claim.

10. On February 17, 2016, Plaintiff sent Defendant a rehabilitation and vocational assessment report prepared for Plaintiff that demonstrated additional costs associated with Plaintiff's ongoing treatment. These costs included medical care, therapies, equipment and home care costs and amounted to approximately $100,000.00 on the low end of the estimate.

11. On May 16, 2016, Defendant provided correspondence showing it considered only $25,024.00 of Plaintiff's medical expenses as "reasonable and customary," and noted that it would advance $24.00 because Plaintiff had received $25,000.00 from the underlying bodily injury settlement.

12. Plaintiff's medical bills now total $36,246.50. Defendant Allstate's offer has not increased from $22,000.00 and it has advanced only $24.00 to date.

13. Defendant Allstate failed to reasonable evaluate Plaintiff's underinsured motorist case and failed to pay damages owed to him under his insurance policy.

## FIRST CLAIM FOR RELIEF
*(Breach of Contract)*

14. Plaintiff incorporates all prior allegations as though fully set forth herein.

15. Sometime prior to the collision, Plaintiff entered into a contract with Defendant Allstate Insurance Company for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and under-insured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant Allstate Insurance Company.

16. Plaintiff has advised Defendant Allstate Insurance Company of a claim for under-insured

motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Allstate Insurance Company in connection with the claim.

17. Plaintiff is an intended beneficiary of Defendant Allstate Insurance Company's insurance policy/contract and is therefore entitled to enforce its terms.

18. Plaintiff is entitled to be compensated by Defendant Allstate Insurance Company for all damages he has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, under the under-insured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF

*(First Party Statutory Claim Pursuant To C.R.S. Section 10-3-1116)*

19. Plaintiff incorporates all prior allegations as though fully set forth herein.

20. Defendant Allstate Insurance Company has denied and delayed payment of under-insured motorist benefits to Plaintiff without a reasonable basis for its action.

21. Defendant Allstate Insurance Company's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant should have previously paid to him.

22. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant Allstate Insurance Company two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
*(Bad Faith)*

23. Plaintiff incorporates all prior allegations as though fully set forth herein.

24. Defendant Allstate Insurance Company owed and continues to owe to Plaintiff a duty of good faith and fair dealing in reviewing, evaluating, adjusting, and paying Plaintiff's insurance claim and in all of its dealings with Plaintiff.

25. Defendant Allstate Insurance Company has breached, and continues to breach its duty of good faith and fair dealing by engaging in the following:

   a.   Refusing to pay any amount of UIM benefits due to Plaintiff despite clear evidence that such benefits were owed;
   b.   Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy;
   c.   Favoring its own interests over those of Plaintiff, an insured and/or beneficiary under the subject policy;

      d.      Incompetently or inadequately evaluating Plaintiff's claim.

26. Defendant Allstate Insurance Company's actions were/are unreasonable.

27. Defendant Allstate Insurance Company knew and knows its conduct was unreasonable and/or disregarded the fact that its conduct was unreasonable.

28. As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation;
    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and
    c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

### PLAINTIFF REQUESTS TRIAL OF ALL MATTERS AT ISSUE

### HEREIN TO A JURY

Respectfully submitted February 1, 2017.

        **FRANKLIN D. AZAR & ASSOCIATES, P.C.**

        By: */s/ Laura M. Browne*
        Laura M. Browne, Atty. Reg. #46673
        Attorneys for Plaintiff

**Plaintiff's Address:**
**9638 South Pinebrook Street**
**Highlands Ranch, CO 80130**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request*